**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ADOLFO REYES-MEJIA,

　　　　　　Petitioner,

　v.

MERRICK B. GARLAND, Attorney
General,

　　　　　　Respondent.

No. 21-1097

Agency No.
A206-408-829

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 13, 2023[**]
Pasadena, California

Before: WALLACH,[***] CHRISTEN, and OWENS, Circuit Judges.

　　Adolfo Reyes-Mejia, a native and citizen of Guatemala, petitions for review

the decision of the Board of Immigration Appeals ("BIA") dismissing his appeal

---

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

　　[***]　　The Honorable Evan J. Wallach, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

from an Immigration Judge's decision, which denied withholding of removal and protection under the Convention Against Torture ("CAT"). We review for substantial evidence, under which "we must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). As the parties are familiar with the facts, we do not recount them here. We deny the petition.

Substantial evidence supports the BIA's denial of withholding of removal because Reyes-Mejia failed to show a nexus between any past or feared harm in Guatemala and his family-based particular social group. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 358-60 (9th Cir. 2017) (applying 8 U.S.C. § 1231(b)(3)(C) and explaining that a withholding of removal applicant must show that a protected ground is "a reason" for persecution); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (A non-citizen's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Reyes-Mejia does not address in his opening brief, and therefore has waived, his claim for withholding of removal on account of his status as "a person returning from the United States." *See Escobar Santos v. Garland*, 4 F.4th 762, 764 n.1 (9th Cir. 2021).

Substantial evidence also supports the BIA's denial of CAT protection because Reyes-Mejia failed to establish that he more likely than not faces an

individualized risk of torture by or with the acquiescence of a public official if returned to Guatemala. *See Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021) ("[T]he petitioner must demonstrate that he would be subject to a particularized threat of torture[.]" (emphasis and citation omitted)); *Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet [the CAT] standard.").

The stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED**.